White, J.
Thé court erred, in our opinion, in the construction of the agreement.
The stipulation that the “ railway company shall make such culverts and crossings as may be necessary to enable the parties hereto to reasonably occupy their lands, to carry off surplus waters, &c.;” aud the stipidation “ that upon the hillside of said line a sufficient drain shall be made for the discharge of the drainage,” form necessary parts of the plan or means agreed on for draining the lands of the plaintiff on the hill or west side of the railroad. A ditch or drain on the west side of the railroad, although “ kept open and in good condition *51 perpetually,” as provided for in the agreement, would not accomplish the purpose of carrying off the surplus water and draining the lands. For this purpose a culvert was also necessary, to carry the water accumulating in the ditch across the railroad towards the river.
No particular place was specified in the agreement for the location of the culverts ; and their location would seem to be immaterial, as respects the draining of the plaintiff’s lands, provided that,- in connection with the ditch, they carried off all the surplus water.
But if the company saw proper to make the culvert on the lands of Tatham, below the lands of the plaintiff and the lands of the other parties to the contract, it became the duty of the company, under the agreement, to keep the ditch open to the culvert, so that the drainage from plaintiff’s land might be discharged through it.

Judgment reversed and cause remanded for a new t/rial.